# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:17-CV-00151-MR

| | |
|---|---|
| LHF PRODUCTIONS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| DOES 1-5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. [Doc. 4].

**I.   PROCEDURAL BACKGROUND**

Plaintiff LHF Productions, Inc., ("Plaintiff") filed a Complaint for copyright infringement on June 12, 2017, alleging that unknown individuals named as Defendants Does 1-5 ("Does 1-5") committed violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act") and seeking injunctive relief, statutory damages, and attorney's fees and costs. On the same day, the Plaintiff filed the instant motion for leave to issue third-party subpoenas prior to a Rule 26(f) conference on one or more Internet Service Providers ("ISPs") of Does 1-5 in order to obtain information

sufficient to identify each Doe Defendant so that Plaintiff can serve Does 1-5 with Plaintiff's Complaint. Specifically, the Plaintiff seeks by way of these subpoenas "the name and address of the account holders; current and permanent addresses; telephone numbers; email addresses; and, the Media Access Control ("MAC") address." [Doc. 5 at 4].

## II. FACTUAL BACKGROUND

Taking the factual allegations of the Plaintiff's Complaint as true, the following is a recitation of the relevant facts. Plaintiff is the claimant and holder of a copyright in the major motion picture London Has Fallen (the "motion picture"), [Doc. 1 at 2; Doc. 1-1], which is protected by the Copyright Act and Registration No. PA 1-982-831. [Id. at ¶¶ 7, 8; Doc. 1-1]. BitTorrent is a peer-to-peer file sharing system and "has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures." [Id. at ¶ 18]. The Plaintiff has traced to North Carolina "many confirmed instances" of illegal downloading and distributing of the motion picture in the BitTorrent network, [Id. at ¶ 12], and "has brought this action as a result of the unauthorized copying and transferring of this motion picture by five unknown defendants who are believed to reside in this District." [Doc. 5 at 3].

The Plaintiff has an employed an investigator, Maverickeye, to use geolocation technology to identify instances of copyright infringement. [Complaint, Doc. 1 at ¶14; Doc. 5 at 3]. Due to the nature of the infringement, however, Maverickeye is only able to identify the Doe Defendants in relation to each defendant's Internet Protocol ("IP") address, the ISP who provided service to each defendant, namely Charter Communications, and the city and county in which the alleged infringement occurred. [Ex. B to Complaint, Doc. 1-2; Doc. 5 at 3]. As such, the only way the Plaintiff may identify Does 1-5 is to subpoena Charter Communications pursuant to Federal Rule of Civil Procedure 45.

## III. ANALYSIS

A plaintiff's right to issue Rule 45 subpoenas on third parties in order to identify unknown defendants under these circumstances is well-established. The five-factor test set forth in <u>Sony Music Entertainment v. Does 1-40</u>, 326 F.Supp.2d 556 (S.D.N.Y. 2004), a copyright infringement case with substantially similar facts, determines whether an anonymous defendant's identity is shielded from disclosure by the First Amendment. These factors include: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need

for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." 326 F.Supp.2d at 564-65 (internal citations omitted); Arista Records, LLC v. Doe 3, 604 F.3d 110 (2nd Cir. 2010) (upholding application of the Sony factors as "an appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted" in anonymous defendant's appeal in copyright infringement case). Here, all five factors weigh in favor of allowing the Plaintiff to issue Rule 45 subpoenas prior to the Rule 26(f) conference.

First, the Plaintiff's Complaint states a *prima facie* claim of copyright infringement. "Copyright infringement occurs when a person 'violates any of the exclusive rights of the copyright owner.' 17 U.S.C. § 501(a). Therefore, the two elements of an infringement claim are (1) ownership of a valid copyright and (2) encroachment upon one of the exclusive rights afforded by the copyright." Elektra Entertainment Group, Inc. v. Doe, No. 5:08-cv-1159-FL, 2008 WL 5111886 (E.D.N.C. Dec. 4, 2008) (Flanagan, J.) (citing Avtec Systems, Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994)). The Plaintiff has sufficiently alleged both ownership of the copyrights at issue and encroachment. The Plaintiff has specifically identified the motion picture the rights to which Does 1-5 have allegedly infringed. [Complaint, Doc. 1 at ¶ 5]. Plaintiff is the holder of a validly registered copyright in that motion picture

4

[Complaint, Doc. 1 at ¶ 7, 8; Ex. A to Complaint, Doc. 1-1]. The "motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States," and "Defendants had notice of Plaintiff's rights through general publication and advertising and more specifically identified in the content of the motion picture, advertising associated with the motion picture, and copies, each of which bore a proper copyright notice." [Complaint, Doc. 1 at ¶¶ 9, 11]. "Defendants, without the permission or consent of Plaintiff, copied and distributed Plaintiff's motion picture through a public BitTorrent network," which "infringed Plaintiff's exclusive rights under the Copyright Act." [Id. at ¶¶ 32, 33]. The Plaintiff has also specified the date and time at which Does 1-5's allegedly infringing activity occurred and the IP address assigned to each unknown defendant at that time. [Ex. B to Complaint, Doc. 1-2]. As such, the Plaintiff has made a concrete showing of a *prima facie* claim of copyright infringement, satisfying the first Sony factor.

Second, the discovery request is sufficiently specific to establish a reasonable likelihood that the identities of Does 1-5 can be ascertained so that they can be properly served. See Rotten Records, Inc. v. Doe, 108 F.Supp.3d 132, 134 (W.D.N.Y. 2015) ("Plaintiff has also met the specificity requirement, insofar as Plaintiff seeks the name and address of the individual

5

assigned IP address [ ] for the limited purpose of enabling Plaintiff to serve process on Defendant.").

Third, the Plaintiff has shown that there are no alternative means to obtain the information as to the identities of Does 1-5. Plaintiff provides, "only ISPs maintain the records that show the individual contact information for the subscribers with the IP address." [Doc. 5 at 7]. Further, ISPs are prohibited from disclosing this identifying information without a court order. 47 U.S.C. § 551(c).

Fourth, the Plaintiff has shown that the information it seeks to subpoena is centrally needed to advance the Plaintiff's copyright infringement claim. The Plaintiff simply cannot identify the Doe Defendants and serve process on them without the information sought.

Finally, consideration of the fifth factor in the Sony analysis, the Doe Defendants' expectation of privacy, also supports disclosure. Courts having examined this issue have universally held an unknown defendant's "expectation of privacy for sharing copyrighted [materials] through an online file-sharing network are simply insufficient to permit him to avoid having to defend against a claim of copyright infringement." Arista Records, 604 F.3d at 124; see also, Virgin Records America, Inc. v. Doe, No. 5:08-cv-389-D; 2009 WL 700207, at *3 (E.D.N.C. March 16, 2009) (Daniel, J.) ("A defendant

6

has little expectation of privacy in allegedly distributing music over the internet without the permission of the copyright holder"). As such, any minimal expectation of privacy of Does 1-5 is insufficient under the circumstances to shield their identities from discovery. Therefore, all five Sony factors weigh in favor of allowing the Plaintiff to conduct pre-Rule 26(f) conference discovery by service of subpoenas on Charter Communications, the ISP of Does 1-5.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference [Doc. 4] is hereby **GRANTED**.

**IT IS, THEREFORE, FURTHER ORDERED** as follows:

1. Plaintiff may issue a subpoena to Charter Communications pursuant to which Plaintiff may seek the following information: the true names, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of Does 1-5 to whom the ISP assigned an IP address as set forth on Exhibit B [Doc. 1-2] to Complaint [Doc. 1]. Plaintiff shall attach to any subpoena a copy of this Memorandum of Decision and Order.

2. Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

3. Charter Communications shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

4. On or before 60 days from the date of entry of this Memorandum of Decision and Order, Plaintiff shall file a Status Report with the Court briefly outlining its progress, including the expected completion date of the discovery allowed by this Memorandum and Order.

**IT IS SO ORDERED.**

Signed: July 11, 2017

Martin Reidinger
United States District Judge