UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-CV-00151-MR

| | |
|---|---|
| LHF PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> DOES 1-5, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on a letter filed with the Court by one or more of the Doe Defendants.[1] [Doc. 11]. The Plaintiff responded to this letter. [Doc. 12].

Plaintiff LHF Productions, Inc., ("Plaintiff") filed a Complaint in this action for copyright infringement on June 12, 2017, alleging that unknown individuals named as Defendants Does 1-5 ("Does 1-5") committed violations of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act") and seeking injunctive relief, statutory damages, and

---

[1] It is unclear from the letter whether it was prepared and sent on behalf of a single Doe Defendant or "Does 1-2." See Doc. 11 and Ex. 2 to Doc. 1. The author of the letter is heretofore referred to as "Unknown Doe."

attorney's fees and costs. Plaintiff sought leave of this Court to issue third-party subpoenas prior to a Rule 26(f) conference on the Doe Defendants Internet Service Providers ("ISPs") to obtain information sufficient to identify each Doe Defendant so that Plaintiff can serve Does 1-5 with Plaintiff's Complaint. On July 11, 2017, the Court entered an Order allowing Plaintiff to issue subpoenas to the ISPs of the Doe Defendants seeking the names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of Does 1-5. [Doc. 7].

On September 8, 2017, Plaintiff reported to the Court that it had served the authorized subpoena on the Doe Defendants' ISP, Charter Communications ("Charter"), and that it anticipated receiving Charter's response to the subpoena on or before October 9, 2017. [Doc. 8]. On October 3, 2017, the Court received correspondence by priority mail from Unknown Doe (the "Letter"). The identity of the author of the Letter is not apparent from the Letter or otherwise. The Letter is unsigned and the return address listed on the mailing envelope is that of Charter Communications, not the author. [Docs. 11, 11-1]. It appears from the mailing label that the Letter was mailed on October 2, 2017. [Doc. 11-1]. On October 17, 2017, Plaintiff filed a Response in Opposition to Letter. [Doc. 12].

In the Letter, Unknown Doe denies ever possessing or distributing or authorizing anyone to distribute the copyrighted movie at issue over "our internet connection." Unknown Doe goes on to recount past "problems with unauthorized person/persons tampering/hacking our IP number" and the belief that "it is impossible to link an IP address to a particular person or computer without further detailed analysis." [Doc. 11]. Accordingly, Unknown Doe "do[es] NOT authorize Spectrum/Charter communications to release any information pertaining to our online account including our internet history, our payment history, passwords, IP address, actual home address, account holders name or any other private/personal information[.]" Id. Finally, Unknown Doe urges that "this letter be a legal response to Plaintiff's complaint[.]" Id.

The Letter is not a "legal response to Plaintiff's complaint." It has no legal or operational effect. Plaintiff has yet to identify any of the Doe Defendants in the Complaint or serve them with process. Even if Unknown Doe had been identified and served with process, the form and substance of the Letter is an inadequate manner of response to a complaint filed with this

Court.[2] Furthermore, the Letter fails to meet the requirements of Rule 11(a) and is subject to being stricken by the Court. Rule 11(a) provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signor's address, e-mail address and telephone number…. <u>The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention</u>.

Fed. R. Civ. P. 11(a) (emphasis added). The Letter was submitted anonymously. It is unsigned and states no address, e-mail address or telephone number. [Doc. 11]. No grounds exist to allow Unknown Doe to proceed anonymously in this action. See <u>West Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. 9, 13 (D.D.C. June 10, 2011) (holding Doe defendants in copyright action do not fall within the "limited class of cases in which anonymous filing is necessary to protect the privacy interests of the putative defendants"); <u>Liberty Media Holdings, LLC v. Swarm Sharing Hash File</u>, 821 F.Supp.2d 444, 453 (D. Mass. Oct. 31, 2011) ("The potential embarrassment to [the Doe defendants] of being associated with allegations of infringing hardcore pornography does not constitute an exceptional

---

[2] Unknown Doe is directed to both the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the United States District Court for the Western District of North Carolina for further guidance and information regarding the appropriate procedure for this case.

4

circumstance that would warrant allowing defendants to proceed anonymously."). As such, the deficiencies of the Letter are hereby called to the attention of Unknown Doe. Unknown Doe is advised that should these deficiencies not be corrected within fourteen (14) days of the entry of this Order, the Letter will be stricken. See K-Beech, Inc. v. Does 1-29, 826 F.Supp.2d 903, 905 (W.D.N.C. Nov. 28, 2011).

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Letter [Doc. 11] has no operational or legal effect.

**IT IS FURTHER ORDERED** that should Unknown Doe not correct the deficiencies in the Letter in compliance with Rule 11(a) of the Federal Rules of Civil Procedure within fourteen (14) days of the entry of this Order, it will be stricken from the docket in this matter.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge